UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATASHA PIERRE ON BEHALF OF K. G., <br><br>*Plaintiff,* <br><br>-against- <br><br>JPMORGAN CHASE BANK, N.A., TD BANK, N.A., DISCOVER FINANCIAL SERVICES, INC., BANK OF AMERICA, N.A., FIRST PREMIER BANK, N.A., BARCLAYS BANK DELAWARE, AND CITIBANK, N.A., <br><br>*Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Natasha Pierre, on behalf of her daughter K.G. ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendants JP Morgan Chase Bank N.A. ("Chase"), TD Bank N.A. ("TD"), Discover Financial Services, Inc. ("Discover"), Bank of America, N.A. ("BANA") First Premier Bank, N.A. ("Premier"), Barclays Bank Delaware ("Barclays"), and Citibank N.A. ("Citibank"), all of which comprise ("Furnisher Defendants"), to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

**Jurisdiction and Venue**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

**The Parties**

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Mount Vernon, New York.

6. Defendant Chase is a New York entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant TD Bank is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

8. Defendant Discover is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

9. Defendant BANA is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

10. Defendant Premier is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

11. Defendant Barclays is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

12. Defendant Citibank is a New York entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

**Plaintiff's Claims Against Defendants Pursuant to
the Fair Credit Reporting Act**

13. K.G. is a minor who is the victim of identity theft.

14. An identity thief opened multiple credit accounts in K. G.'s name, which began to appear on her credit reports (hereinafter, accounts are referred to as "Credit Accounts").

15. As a minor, K. G. was not capable of opening the Credit Accounts.

16. K. G.'s mother Natasha disputed the Credit Accounts with Experian and Trans Union as described herein, who transmitted her disputes to each Furnisher Defendant.

17. In response to Plaintiff's disputes, each Furnisher Defendant failed to remove one or more Credit Accounts from K. G.'s consumer reports by verifying the accounts as accurate, despite K.G. being a minor and thus unable to open Credit Accounts.

*Experian Dispute*

18. In a letter dated September 30, 2023, Plaintiff disputed an account with Defendant Chase to Experian ("Experian Dispute").

19. Along with the Experian Dispute, Plaintiff included a child identity theft form, a copy of Natasha's license, a copy of K. G.'s birth certificate, a copy of K. G.'s passport, a copy of K. G.'s Social Security card, and a utility bill.

20. Upon information and belief, Experian notified Chase about the disputed Chase account.

21. After Plaintiff's dispute and upon information and belief, Chase verified to Experian that the Chase account was reporting accurately even though Chase could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

22. Experian, in turn, continued to report the disputed Chase account. Experian informed Plaintiff of its conclusion in dispute results dated December 4, 2023.

*Trans Union Dispute*

23. In a letter dated September 1, 2023, Plaintiff disputed credit accounts with each Furnisher Defendant to Trans Union ("Trans Union Dispute").

24. Along with the Trans Union Dispute, Plaintiff included a child identity theft form, a copy of Natasha's license, a copy of K. G.'s birth certificate, a copy of K. G.'s passport, a copy of K. G.'s Social Security card, and a utility bill.

25. Upon information and belief, Trans Union notified each Furnisher Defendant about the Trans Union Dispute.

26. After Plaintiff's dispute and upon information and belief, each Furnisher Defendant verified to Trans Union that the accounts were reporting accurately even though each Furnisher Defendant could not, had they performed reasonable investigations, have verified that the disputed information was accurately attributable to Plaintiff.

27. Trans Union, in turn, continued to report the disputed accounts. Trans Union informed Plaintiff of its conclusion in dispute results dated October 9, 2023.

*Damages*

28. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

29. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

30. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes stress and anxiety.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

31. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

32. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

## CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY
## FURNISHER DEFENDANTS

33. Because of its unlawful reporting and verifications of Chase accounts, Furnisher Defendant Chase is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of Chase accounts reporting on Plaintiff's Experian and Trans Union credit reports after, upon information and belief, Chase received notice of Plaintiff's disputes from both Experian and Trans Union;

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

    b. failing to review all relevant information provided to Chase by Trans Union and Experian concerning Plaintiff's disputes of Chase accounts;

    c. failing to promptly modify, delete, or permanently block any and all information about disputed Chase accounts that Chase, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate; and

    d. falsely representing to Trans Union and Experian that Plaintiff was responsible for Chase accounts.

34. Because of its unlawful reporting and verification of a TD account, Furnisher Defendant TD is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute of a TD account reporting on Plaintiff's Trans Union credit report after, upon information and belief, TD received notice of Plaintiff's dispute from Trans Union;

    b. failing to review all relevant information provided to TD by Trans Union concerning Plaintiff's dispute of a TD account;

    c. failing to promptly modify, delete, or permanently block any and all information about a disputed TD account that TD, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d. falsely representing to Trans Union that Plaintiff was responsible for a TD account.

35. Because of its unlawful reporting and verification of a Discover account, Furnisher Defendant Discover is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute of a Discover account reporting on Plaintiff's Trans Union credit report after, upon information and belief, Discover received notice of Plaintiff's dispute from Trans Union;

    b. failing to review all relevant information provided to Discover by Trans Union concerning Plaintiff's dispute of a Discover account;

    c. failing to promptly modify, delete, or permanently block any and all information about a disputed Discover account that Discover, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d. falsely representing to Trans Union that Plaintiff was responsible for a Discover account.

36. Because of its unlawful reporting and verification of BANA accounts, Furnisher Defendant BANA is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's dispute of BANA accounts reporting on Plaintiff's Trans Union credit report after, upon information and belief, BANA received notice of Plaintiff's dispute from Trans Union;

    b. failing to review all relevant information provided to BANA by Trans Union concerning Plaintiff's dispute of BANA accounts;

  c. failing to promptly modify, delete, or permanently block any and all information about disputed BANA accounts that BANA, had it conducted reasonable investigations of Plaintiff's dispute, could not have affirmatively verified as accurate; and

  d. falsely representing to Trans Union that Plaintiff was responsible for BANA accounts.

37. Because of its unlawful reporting and verification of a Premier account, Furnisher Defendant Premier is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

  a. failing to conduct a reasonable investigation of Plaintiff's dispute of a Premier account reporting on Plaintiff's Trans Union credit report after, upon information and belief, Premier received notice of Plaintiff's dispute from Trans Union;

  b. failing to review all relevant information provided to Premier by Trans Union concerning Plaintiff's dispute of a Premier account;

  c. failing to promptly modify, delete, or permanently block any and all information about a disputed Premier account that Premier, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

  d. falsely representing to Trans Union that Plaintiff was responsible for a Premier account.

38. Because of its unlawful reporting and verification of Barclays accounts, Furnisher Defendant Barclays is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's dispute of Barclays accounts reporting on Plaintiff's Trans Union credit report after, upon information and belief, Barclays received notice of Plaintiff's dispute from Trans Union;

    b. failing to review all relevant information provided to Barclays by Trans Union concerning Plaintiff's dispute of Barclays accounts;

    c. failing to promptly modify, delete, or permanently block any and all information about disputed Barclays accounts that Barclays, had it conducted reasonable investigations of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d. falsely representing to Trans Union that Plaintiff was responsible for Barclays accounts.

39. Because of its unlawful reporting and verification of a Citibank account, Furnisher Defendant Citibank is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute of a Citibank account reporting on Plaintiff's Trans Union credit report after, upon information and belief, Citibank received notice of Plaintiff's dispute from Trans Union;

    b. failing to review all relevant information provided to Citibank by Trans Union concerning Plaintiff's dispute of a Citibank account;

    c. failing to promptly modify, delete, or permanently block any and all information about a disputed Citibank account that Citibank, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d. falsely representing to Trans Union that Plaintiff was responsible for a Citibank account.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.
2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Brett D. Sherman*
Brett D. Sherman
**Sherman & Ticchio PLLC**
brett@st-legal.com
120 N. Main Street Suite 302(b)
New City, NY 10956
212.324.3874